UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:11-CR-132 JD |
| | ) | |
| CHRISTOPHER PETER | ) | |

OPINION AND ORDER

On May 24, 2012, the Court issued a Memorandum Opinion and Order denying the defendant, Christopher Peter's, Motion to Suppress. *See* DE 32. Peter proceeded to enter a conditional guilty plea to one count of the five count indictment, for possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). *See* DE 45. The plea agreement allowed him to appeal the Court's denial of his motion to suppress. *See* DE 39 at 3. On January 10, 2013, the Court accepted Peter's plea agreement, adjudged him guilty, and sentenced him to 60 months incarceration. *See* DE 65. As anticipated, he immediately filed a notice of appeal. *See* DE 67. In March, the Supreme Court handed down its decision in *Florida v. Jardines*, 133 S.Ct. 1409 (Mar. 26, 2013), involving exactly the same issues presented in Peter's motion to suppress. Following that ruling, the parties jointly moved the Seventh Circuit Court of Appeals to vacate the judgment in this case and remand for further consideration in light of *Jardines*. *See* DE 76. The Court received the mandate from the Seventh Circuit on May 15. *Id.* Following a status conference, the Court ordered the Bureau of Prisons to Release Peter. *See* DE 80.

With this background, Peter's Motion to Suppress [DE 15] is once again before the Court on remand. The government has filed a "Statement of Position Regarding the Effect of *Florida v. Jardines*" [DE 82], in which it acknowledges that "[a]fter due consideration, it

appears that the facts in *Jardines* are nearly identical to the facts in this case" and that "[t]herefore, *Jardines* should control the outcome of the suppression motion in this case on remand." The Court agrees.

*Jardines* involved a "dog sniff" of the front door of a suspect's home, without a warrant and without any pretext of going to the home to contact the suspect of anyone else at the property. The Florida Supreme Court held that the dog sniff violated the Fourth Amendment and suppressed the resulting evidence. The Supreme Court of the United States affirmed. It noted that the front porch of the defendant's home was part of the "curtilage" of his home, warranting Fourth Amendment protections. It then held that although there is a customary invitation allowing visitors to approach a home and knock on the front door, this invitation does not permit law enforcement officers to physically invade the curtilage of a home solely to investigate suspicions of a marijuana grow operation. Therefore, the dog sniff on the defendant's front porch was an invasion of the defendant's curtilage for the purposes of obtaining information—a trespass that violates the Fourth Amendment under the Court's prior holding in *United States v. Jones*, 132 S.Ct. 945, 950–951, n. 3 (2012) (holding that when "the Government obtains information by physically intruding" on persons, houses, papers, or effects, "a 'search' within the original meaning of the Fourth Amendment" has "undoubtedly occurred").

This Court followed a similar train of reasoning in its opinion in this case, concluding that the front porch was within the curtilage of Peter's home and that "the police presence on Peter's front porch for the sole purpose of obtaining evidence to support a search warrant was a trespass. And because that trespass was 'for the purpose of obtaining information,' it was a search within the meaning of the Fourth Amendment." *See* DE 32 at 23. This Court went further, however, and held that although a search under the Fourth Amendment, the dog sniff was

minimally intrusive and justified on the basis of the officers' reasonable suspicion that Peter was growing marijuana.

In this Court's opinion, this distinction is no longer plausible in light of *Jardines*. If the Supreme Court had found the degree of intrusion significant for property-based Fourth Amendment cases under *Jones* (as opposed to privacy based cases under *Katz v. United States*, 389 U.S. 347, 351 (1967)), it would have upheld the search in *Jardines* on those grounds. The fact that the Supreme Court found that the proper disposition in *Jardines* was suppression of the evidence dictates the same result here. And without the drug sniffing dog's alert on the front and back doors of Peter's home, law enforcement officers had no probable cause to support a warrant to search the inside of the home. All evidence that resulted from that warrant must therefore be excluded from trial. As noted, the government does not disagree with this conclusion.

Therefore, the Court **GRANTS** the Defendant's motion to suppress [DE 15] and **EXCLUDES** from use as evidence in the trial of this cause any items seized from the April 28, 2011, search of Peter's residence.

SO ORDERED.

ENTERED:  July 1, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court